Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Alwina Fykes, on her own behalf, and on behalf of all others similarly situated*

## IN THE UNITED STATES DISTRICT COURT FOR

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN re SUBPOENA TO 317 LABS, INC. | No. 24-mc-79 |
| | **DECLARATION OF ETHAN PRESTON SUPPORTING ALWINA FYKES'S MOTION TO COMPEL NON-PARTY 317 LABS, INC. TO COMPLY WITH HER SUBPOENAS** |
| ALWINA FYKES, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HALLELUJAH ACRES, INC., a North Carolina corporation, and DOES 1 to 10,<br><br>Defendants. | Underlying Case No. 1:23-CV-46, pending in the United States Court for the Western District of North Carolina, before Judge  Martin Karl Reidinger<br><br>Discovery Cut-off:     Not yet set<br>Pretrial Conference:  Not yet set<br>Trial Date:                Not yet set |

1.      My name is Ethan Preston. I am an attorney at law licensed to practice before all of the courts of the State of California. I am counsel for Plaintiff Alwina Fykes ("Fykes"), and have personal knowledge of all of the facts set forth in this declaration and could testify thereto if called to do so.

//

**Fykes's Lawsuit**

2.      On February 21, 2023, Fykes filed a class action lawsuit against Defendants Hallelujah Acres, Inc. and Does 1 to 10 (collectively, "Defendants") in the Western District of North Carolina. Fykes alleged that the Defendants had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and specifically its provisions prohibiting telemarketing text messages to telephone numbers listed on the national Do Not Call registry. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Fykes also alleged analogous claims under North Carolina law. *See* N.C.G.S. §§ 75-102, 75-105.

3.      Fykes's complaint was served on Defendants on or about March 16, 2023, and the originating court entered a default against the Defendants on May 4, 2023. (*See* Entry of Default, *Fykes v. Hallelujah Acres, Inc.*, No. 1:23-CV-46 (W.D.N.C. May 4, 2023), ECF No. 4.) The originating court ultimately entered an order permitting limited post-default discovery to prepare for class certification and to prove up class damages, which specifically granted Fykes leave serve up to five document subpoenas. (*See* Order, *Fykes v. Hallelujah Acres, Inc.*, No. 1:23-CV-46 (W.D.N.C. Jan. 10, 2024), ECF No. 11.) Defendants have never responded to Fykes complaint or other communications in any way.

**Fykes's Subpoena to Google LLC**

4.      On January 11, 2024, Fykes served a subpoena on Google LLC for email headers for certain Google email accounts used by Defendants. This was the first subpoena Fykes served in the underlying case. A true and correct copy of Google's response is attached as Exhibit 1 to this Declaration. The email headers produced by Google indicated Defendants emailed extensively with 317 Labs, Inc. d/b/a Emotive ("Emotive").

**Fykes's Subpoena to Emotive**

5.      Emotive describes itself as a SMS marketing company, which is consistent with the telemarketing text messages at the heart of Fykes's complaint.

*See* Emotive, *Product* at https://emotive.io/product (last visited on June 26, 2024 ("Drive more orders and faster with conversational SMS built for eCommerce[,] Grow your brand with conversational SMS marketing").) California Secretary of State records indicate that Emotive's principal address is in West Hollywood, California.

6.     On February 28, 2024, Fykes served a subpoena on Emotive for various documents, including all documents concerning communications with Defendants, and call records for text messages sent on Defendants' behalf, which set a production deadline of March 14, 2024. A true and correct copy of the Emotive subpoena, together with the proof of service, is attached as Exhibit 2 to this Declaration. This was the second subpoena Fykes served in the underlying case. Emotive never responded in any way to February 2024 subpoena.

**Fykes Attempts to Meet and Confer with Emotive Under Local Rule 37-1**

7.     On March 21, 2024, Fykes emailed legal@emotive.io to follow up with Emotive on the subpoena. Fykes never received a response (including any response that the Fykes's email had not been delivered). On May 14, 2024, Fykes mailed and emailed a letter requesting that Emotive meet and confer with Fykes under Local Rule 37-1. A true and correct copy of the May 14 letter, together with proof of service, is attached as Exhibit 3 to this Declaration. Again, Fykes never received a response (including any response that the Fykes's email had not been delivered). Hence, Emotive failed to confer in a timely manner under Local Rule 37-1.

**Certification**

8.     Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 26, 2024                    By: s/Ethan Preston
                                                           Ethan Preston

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

February 14, 2024

***Via Email Only***
*ep@eplaw.us*

Ethan Preston
Preston Law Offices
4054 McKinney Avenue, Ste 310
Dallas, Texas 75204
972-564-8340

Re: ***Alwina Fykes, et al. v. Hallelujah Acres, Inc., et al.***, **United States District Court for the Western District of North Carolina, 1:23-CV-46 (Internal Ref. No. 50901779)**

Dear Ethan Preston:

Pursuant to the subpoena issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Without waiving, and subject to its objections, Google hereby agrees to produce documents via a secure file-transfer portal. You should receive instructions on how to access the portal via email. Please let us know if you do not receive the instructions. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq. By this response, Google does not waive any objection to further proceedings in this matter.

We understand that you have requested customer information regarding the user account(s) specified in the subpoena, which includes the following information: (1) information for the Google account(s) pmalkmus@myhdiet.com, mlewis@myhdiet.com, media@myhdiet.com, mdonaldson@myhdiet.com, cyoung@myhdiet.com, custserv@myhdiet.com, christopheryoung@myhdiet.com, admin@myhdiet.com

Accompanying this letter is responsive information to the extent reasonably accessible from our system, a list of hash values corresponding to each file, and a signed Certificate of Authenticity. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values.

Very truly yours,

Aamir Hasnat
Legal Investigations Support

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

**Hash Values for Production Files (Internal Ref. No. 50901779)**

admin@myhdiet.com.632058198237.Mail.MessageContent_001.zip:

SHA512-
abde53a6c03ec6273268e376ae054862824c2b49bedbab16d182c39029f79fc3c448d5b1976e32eb442c41fd
4df01c135442cfee4a946cfb7b54783d98a178db

admin@myhdiet.com.632058198237.Mail.MessageContent_002.zip:

SHA512-
80667c4b71f93d4bd77f2966998e6c5fc010e67f6633f8eeb67f398e54d3cdc6bfddc50f04e91931125870756
9a51f5b95f0a793ee76bc55ad4fe8b2eaa9b2c9

christopheryoung@myhdiet.com.1007502703273.Mail.MessageContent_001.zip:

SHA512-
b568e6b67921567b532a4680bffb2f3840c5961977f7f4d638e985497e7c3bf1b2e10040c42914d3f601421a
591cd3053c8a0fbeecc8a430c607988c4bdcd21f

christopheryoung@myhdiet.com.1007502703273.Mail.MessageContent_002.zip:

SHA512-
dfcdd61e25243d91b88b1c1914a2eca02e13fe2a4317cfcf9a3318da1dadddfdce03a85de17583d0a3abdf654
31332762371c2b8c64ed77e1582c076f107890d

custserv@myhdiet.com.644770287662.Mail.MessageContent_001.zip:

SHA512-
c423b2c9251fd02ecd7d8ef126e445687b65a3ed918e74b1e9adf96d16decac57a787a8478d1207208c4cae6
b9f4f7d97c9ccb033a481e7e4102a212576c2a5c

cyoung@myhdiet.com.1007502703273.Mail.MessageContent_001.zip:

SHA512-
b00a767df1c8c8ba48e7b854d7f5650843bc39813b4cc6b11e44cadfaa940dc3250f0518ecacbc1516983f9c9
25f3c7f92662e5e2dcdb92a07b3711c9f19447e

cyoung@myhdiet.com.1007502703273.Mail.MessageContent_002.zip:

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

SHA512-
701594911217ac24305166aca302938e971b4db7c55114ab3b2362264f7efbd12f9196677b738c8ccdffb643
b105944fb7f559dd37bf5f99bcd53b64dbc7d2e5

mdonaldson@myhdiet.com.227966274675.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
1ffa732d882e8181512a1504a252145c4db60b9cbdffad4d97286801ea64a17b9886a3c68508a2ec8e50ebdd
b25bbfe5432106409c97e81e03781821d208f538

mdonaldson@myhdiet.com.227966274675.Mail.MessageContent_001.zip:

SHA512-
1c2b1923e0289adc2f24c0fd90b96e806c3a6c82b74df90177c9814eb9219e01bd827937c5ae6695f5c75e08
b314c2308e3fafefec2436abebae7e6383c7da21

media@myhdiet.com.571680196591.Mail.MessageContent_001.zip:

SHA512-
fa72b7774bc3f6f375f6035f1c857c5b63f38b621ee840b73d33ad0926a0a2b94755cbab8fad3f721fed16ada
e958bd1314d627e975d65aae9b52f7f3a7608b9

mlewis@myhdiet.com.286056102066.Mail.MessageContent_001.zip:

SHA512-
5cef382b2a5da51a55087542c2b041a3dd5bdfbd784c5ee04e6a360addb1da58eb8e0dc311d45742355f17fe
5a8dd11b1ffdcdd4dce2492a4fdd59f535018412

pmalkmus@myhdiet.com.156746721030.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
de2930820a2b1bd7570814b0f8c27b03b9a8bfbfd01117cd0c22f5cb18b8f38142537d65ab9226fc1ba63c24
144335a5e3f69c9211c8b0a57dd5b1e19ed8400e

pmalkmus@myhdiet.com.156746721030.Mail.MessageContent_001.zip:

SHA512-
eccbcc1b7903a55ef14300db953455f66de22b04d1315f7394634ca795319754af31b2bf9eda16d1d571fd17
312cf93dbcc9a4349cf669877c6043989552cc59

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

## CERTIFICATE OF AUTHENTICITY

I, Aamir Hasnat, certify:

1. I am a Custodian of Records for Google LLC ("Google"), located in Mountain View, California. I am authorized to submit this Certificate of Authenticity on behalf of Google in response to a subpoena dated January 11, 2024 (Google LLC Internal Reference No. 50901779) in the matter of *Alwina Fykes, et al. v. Hallelujah Acres, Inc., et al.*. I have personal knowledge of the following facts and could testify competently thereto if called as a witness.

2. The accompanying file(s) contain true and correct copies of records pertaining to the email address(es) pmalkmus@myhdiet.com, mlewis@myhdiet.com, media@myhdiet.com, mdonaldson@myhdiet.com, cyoung@myhdiet.com, custserv@myhdiet.com, christopheryoung@myhdiet.com, admin@myhdiet.com ("Document").

3. The documents attached hereto reflect records made and retained by Google. The records were made at or near the time the data was acquired, entered, or transmitted to or from Google; the records were kept in the course of a regularly conducted activity of Google; and the making of the records were a regular practice of that activity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 14, 2024

Aamir Hasnat, Custodian of Records for Google LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Western District of North Carolina

|  |  |  |
|---|---|---|
| ALWINA FYKES, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   1:23-CV-46 |
| v. | ) | |
| HALLELUJAH ACRES, INC., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      317 Labs, Inc., 8605 Santa Monica Boulevard, #57093, West Hollywood, California 90069
c/o C T Corporation, 330 North Brand Avenue, Glendale, California 91203

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached production schedule

| Place: Preston Law Offices, 4054 McKinney Avenue, Ste 310, Dallas, TX 75204 or an alternative place of production per the attached schedule | Date and Time: 03/14/2024 3:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/27/2024

|  | CLERK OF COURT | | |
|---|---|---|---|
| | | OR | /s/Ethan Preston |
| | *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Alwina Fykes _____ , who issues or requests this subpoena, are:
Ethan Preston, Preston Law Offices, 4054 McKinney Avenue, Ste 310, Dallas, TX 75204, (972) 564-8340, ep@eplaw.us

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:23-CV-46

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

| | |
|---|---|
| ALWINA FYKES, individually, on her own behalf and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>HALLELUJAH ACRES, INC., a North Carolina corporation, and DOES 1 to 10,<br><br>      Defendants. | No. 1:23-CV-46<br><br>**PRESERVATION INSTRUCTIONS AND PRODUCTION SCHEDULE FOR SUBPOENA TO 317 LABS, INC.** |

**PRESERVATION AND PRODUCTION INSTRUCTIONS**

    The attached subpoena places 317 Labs, Inc. ("Emotive") on notice that they have a duty to preserve evidence relevant to the above-captioned case, including in particular all communications, emails, billing records, payment records, and other documents received from, provided to, and/or related to the Defendants in this case. Contact the counsel identified above if there are any questions about the subpoena or your obligations thereto. Failure to obey a subpoena could render Emotive liable to sanctions for contempt of court. *See* Fed. R. Civ. P. 45(e). Federal law provides criminal penalties for any person who "corruptly ... obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice[.]" 18 U.S.C. § 1503(a). *See also* 18 U.S.C. § 401(3) (court may punish "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command" by "fine or imprisonment, or both, at its discretion"). Contact the counsel identified above if there are any questions about the subpoena or your obligations thereto.

    The duty to preserve created by a subpoena extends to documents and other evidence within Emotive's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). Emotive has

"control" over evidence or documents where it has the right to obtain the documents upon demand.

It is likely that most of the documents requested in this subpoena are electronic. Effective preservation of documents requires you to identify and inventory the physical media where requested electronic documents may be found. Such physical media can take any number of forms, and the following list is provided for illustrative purposes: (1) hard drives attached to personal computers, laptops, and servers; (2) external, networked or detached drives; (3) archive or backup tapes; (4) portable drives (Flash USB drives and external hard drives connected via USB or FireWire); (5) optical media (i.e., CDs and DVDs); (6) floppy discs; (7) portable devices including wireless devices and other PDAs; and (8) volatile memory (i.e., RAM) of the foregoing devices. Document custodians should be alerted that relevant documents may be found in any of the foregoing media, and that a single item of computer media may contain multiple file systems.

## PRODUCTION SCHEDULE

**Instructions:**

Emotive is required to respond to the attached subpoena in a manner that is consistent with Federal Rule 45. The following instructions do not limit the scope of Emotive's obligations under the Rule 45, but are merely meant to remind or inform it of these duties and to provide examples of compliance those duties.

### A.    Definitions

With respect to this Subpoena,

1.    The term "Plaintiff" means Alwina Fykes.

2.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3.      The term "affiliate" has the same meaning as it does under 12 C.F.R. § 225.2(a).

4.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5.      The term "call record" means all documents, including call detail records and audio recordings, concerning text messages sent during the class period to the present. Call records should include each and every category and/or field of data or metadata which are linked to the responsive call and which are stored by and/or accessible to Defendants, including by way of example but without limitation the following:

a.      The database id number or designator for the call record;

b.      The identity of the Telesales Channel that placed the call;

c.      The originating party (i.e., the telephone number of the party originating the call);

d.      The terminating party (i.e., the telephone number of the party receiving the call);

e.      The dialed number (i.e., the number that the originating party dialed);

f.      The designation or identification of the dialer used to make the call;

g.      The designation or identification of the campaign in which the call was made;

h.      The disposition of the call;

i.      The date the call was initiated (i.e., month, day, year);

j.      The time the call was initiated (i.e., hour, minute, second);

k.      The duration of the call (i.e., hours, minutes, seconds);

l.      Any call features and/or feature codes applied to the call (e.g., pre-recorded voice, click-to-dial, call-forwarding, call-forwarding to voicemail, forward-to number, call-waiting, three-way calling, interactive voice response, etc.);

m.      Original originating number (i.e., the number that originated the call before call forwarding was invoked);

n.       Carrier Identification Code ("CIC") for interexchange carrier calls;

o.       Telephone switch identification originating the call; and

p.       Telephone switch identification terminating the call.

6.       The term "class period" means February 21, 2019 through the present.

7.       The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any document, and/or via oral, written, and/or electronic means.

8.       The term "complaint" means any and all versions of the complaint filed in action.

9.       The term "consumer" means past, current, potential, and/or prospective customers for Defendants' residential electric generation and/or natural gas supply services.

10.      The term "document" includes any communication, data, information, or expression that is fixed in a tangible form and that is stored in a medium from which it can be retrieved and examined. This definition expressly includes, but is not limited to, emails, computer files in every kind and format (which includes every sort of entry or other information stored in a database), as well as writings of every kind, any correspondence, books, records, logs, reports, memoranda, abstracts, advertisements, agreements, appointment records, audio recordings (whether transcribed or not), balance sheets, bills, books of account, certificates, communications, checks, compilations, papers, transcriptions or summaries of conversations, diaries, drafts, drafts of documents, disks, notes, notations, plans and specifications, graphs, tapes, slides, computer programs, computer print-outs, entries, estimates, expense records, financial analyses, financial statements, forms, handbooks, telegrams, income statements, indices, intra-office and inter-office communications, invoices, itemizations, journals, letters, meeting reports, minutes, notes, payroll records, photocopies, photographs, press releases, prospectuses, publications, receipts, records of account, reports, resolutions, statements, statistical records, studies, summaries, system analyses, and time records.

11.      The term "Hallelujah Acres" means Hallelujah Acres, Inc. as well as its principals, partners, officers, directors, attorneys, managers, members, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of it, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

12.      The term "Defendants" means Hallelujah Acres.

13.      The term "insider" includes employees, officers, owners, stockholders, or board

members of Hallelujah Acres, persons in control of Hallelujah Acres, or relatives of any such person, and/or a partnership in which Hallelujah Acres is a general partner, and/or a general partner in such partnership.

14.     The term "person(s)" means any natural person or any business, legal or governmental entity or association.

15.     The term "TCPA" means the federal Telecommunication Consumer Protection Act and as well as implementing regulations and related Federal Trade Commission and Federal Communications Commission regulations, rules, and orders.

**B.     Scope**

In Emotive's response to the Subpoena, it shall produce (in addition to all documents in its possession or custody) all documents which it has a right to demand. By way of example, but without limitation, it shall produce all responsive documents found in the possession or custody of its agents, partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of it, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

**C.     Production of Electronic Documents**

Emotive shall produce any electronic documents requested herein in "native format," meaning the format in which they are ordinarily used or accessed by it outside of litigation. Native format explicitly includes application-specific metadata (like File Properties for Emotive Word .doc files) and file system metadata (like the date of creation and modification and file permissions stored in an NTFS-formatted file system). In particular, Emotive shall produce electronic documents with their original filepath.

File system metadata can be preserved by archiving responsive electronic documents in a .tar or .zip file. These archival formats simplify preservation of time-related metadata. These

archival formats can also be used to simplify preservation of file systems' overall directory structure (and thereby responsive documents' filepath) by initially including the file systems' root directory in the archive, and then manually excluding all non-responsive directories and files. If it prefers, Emotive may use a .tar or .zip or similar archival file format to produce all responsive documents on a particular file system. (The documents contained within the archive file should still be produced in their native format.)

However, if responsive electronic documents are in a file format that is not accessible by mass-market software, Emotive shall translate the file to a format accessible by mass-market software. If possible, the documents should be translated in manner that preserves the original documents' metadata. Typically, data in databases should be produced in plain text (i.e., ASCII or Unicode) format, with appropriate delimiters to preserve differentiation between different data fields (which may include tabs or commas), and clear identification of such data fields. Please coordinate with Plaintiffs' counsel early on so that the logistics of translating such electronic documents can be worked out in advance of the production deadline. If possible, the documents should be translated in manner that preserves the original documents' metadata. Conversion of documents from other formats to a .tiff or .pdf format is not acceptable for a number of reasons.

**<u>DO NOT CONVERT DATA STORED IN A DATABASE TO PDF FORMAT OR WE WILL REQUIRE YOU TO REPRODUCE THAT DATA.</u>**

There are a variety of ways to authenticate electronic documents. For instance, Emotive may wish to assign a Bates number or calculate a hash value for each electronic document produced, or each archival file, or even each CD or hard drive. A hash is a mathematical or cryptographic "signature" of a file, and can be used to authenticate documents with only minimal time and resources. In either event, Emotive can ensure the integrity of the electronic documents

you produce by including a cryptographic hash value for each document (or each archive). These hash values can be used to label particular productions, and to ensure that the productions are not altered. To the extent Emotive requires Bates designations on its production, it should provide an index with the file name, hash value, and Bates designation of each document produced.

### D.      Manner of Production

Emotive shall organize the requested documents either "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(d)(1)(A). If Emotive does not organize and label produced documents, it must demonstrate that it produced the documents as they are kept in the usual course of business. Emotive may be obliged to substantiate that the documents it produces are produced as they are kept in the ordinary course of business.

Emotive should produce documents on optical media (CDs or DVDs) or on a portable hard drive. Ideally, it should produce documents on read-only optical media (such as CDs or DVDs). Emotive should produce documents on properly-formatted hard drive only if production on optical media is impractical (because of storage limitations) or the translation to an optical media file system materially alters documents.

If Emotive has paper documents without any electronic originals, those documents should be scanned into a .pdf format in a manner that ensures that they are legible and searchable. Please coordinate with Plaintiff's counsel early on, so that the logistics of scanning such paper documents in can be worked out in advance of the production deadline. For environmental and logistical reasons, documents that cannot be scanned should be produced on paper only as a last resort.

### E.      Objections

Any objections to the Subpoena must conform to Rule 45(c)(2)(B). Any grounds for objection that is not stated in a timely objection are waived. If documents are withheld under a claim of privilege or protection as trial-preparation material, Emotive shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which it claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. *Cf.* Fed. R. Civ. P. 45(e)(2). A privilege log or equivalent should be prepared with your response to the Subpoena, or an extension should negotiated beforehand.

To the extent Emotive objects to the location of production on the face of the subpoena or any dispute concerning the subpoena arises which requires adjudication, Plaintiff will designate an alternative place of production within 100 miles of where Emotive resides, is employed, or regularly transacts business in person consistent Rule 45(c)(1)(A).

Defendants or other third parties may serve you with objections to your production in response to this subpoena. These objections do not require or permit Emotive to delay your production in response to this subpoena. Defendants and other third parties must file a motion for protective order or a motion to quash the subpoena if they wish to prevent your production, and they have limited standing to do so. *Cf.* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(3).

This subpoena seeks metadata and other information which do not constitute "contents" of any communication, as that term is used in 18 U.S.C. § 2702.

### Schedule of Documents to be Produced by 317 Labs, Inc.

1.   All documents concerning communications with Defendants during the class period, including all communications with Defendants, data shared by or with Defendants, account, registration, or subscription information for Defendants (including names, mailing addresses, telephone numbers, email addresses, and

TIN/SSN), and all documents which provide Defendants' payment history (including wire instructions, credit card receipts, check images, and/or images of any other financial instruments).

2.    To the extent not otherwise produced in response to prior Requests, all call records and/or call detail reports for calls or text messages sent on Defendants' behalf during the class period.

3.    To the extent not otherwise produced in response to the prior Request, call records and/or call detail reports for calls or text messages sent on Defendants' behalf in June 2022.

4.    To the extent not otherwise produced in response to the prior Request, all documents containing a list or lists of contact information (including email and telephone numbers) for prospective customers used by Defendants during the class period.

5.    To the extent not otherwise produced in response to the prior Request, all documents concerning Plaintiff and/or which contain, are indexed, filed, or retrievable under his name or any number, symbol, designation, or code (such as her telephone number(s)) assigned to or associated with Plaintiff. This request includes, by way of example (but without limitation) communications with Plaintiff, or communications about Plaintiff, and/or call records for calls to Plaintiff.

6.    All organization charts and personnel directories which identify Emotive's employees during the class period.

7.    Documents sufficient to show where call records of calls made or text messages sent on Defendants' behalf are stored and maintained, including by way of example but without limitation the file(s) and server storing such information.

8.    All documents concerning the operation and maintenance of any system which used to make calls or send text messages for Defendants, including, by way of example, but without limitation, instruction manuals, operation manuals, training manuals, sales brochures, marketing materials, licensing agreements, the written policies and procedures regarding the operation of such system, and/or communications reflecting unwritten policies and procedures regarding the operation of such software.

9.    All documents necessary or useful for a layperson to read, understand, and interpret the meaning of any computer data Emotive received, processed, or maintained concerning Defendants or call made or text message sent for Defendants.

10.   All documents concerning any communication between Emotive and any other

person (besides Plaintiff and her counsel) regarding the case captioned above, *Fykes v. Hallelujah Acres, Inc.*, No. 1:23-cv-0104, pending in the United States District Court for the Western District of North Carolina (including, by way of example but without limitation, communications concerning this subpoena, Emotive's response thereto, and the retention and/or production of documents relevant to the case captioned above, as well as documents evidencing such communications). This category does not include Emotive's internal communications.

11. All documents concerning any incident under which any document which would otherwise be responsive to this subpoena was lost, destroyed, delinked, dereferenced, deleted, and/or access to such document was lost.

12. To the extent that you intend to charge Plaintiff any cost or expense for complying with this subpoena, all documents on which you may rely to support such cost or expense.

13. To the extent that you object to this subpoena, every document on which you may rely to support such objection in any dispute regarding this subpoena

Dated: February 27, 2024          By:   s/Ethan Preston
                                        Ethan Preston (263295)
                                        ep@eplaw.us
                                        PRESTON LAW OFFICES
                                        4054 McKinney Avenue, Suite 310
                                        Dallas, Texas 75204
                                        Telephone: (972) 564-8340
                                        Facsimile: (866) 509-1197

                                        *Attorneys for Plaintiff Robert Nock, on his own behalf, and behalf of all others similarly situated*

## **CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the foregoing document was this date served upon the parties below under Fed. R. Civ. P. 5(b) by causing a copy of the foregoing to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

> Corporate Officer
> HALLELUJAH ACRES, INC.
> 900 South Post Road
> Shelby, North Carolina 28152
>
> *Defendant*

Dated: February 27, 2024    By:   s/Ethan Preston
> Ethan Preston (263295)
> ep@eplaw.us
> PRESTON LAW OFFICES
> 4054 McKinney Avenue, Suite 310
> Dallas, Texas 75204
> Telephone: (972) 564-8340
> Facsimile: (866) 509-1197
>
> *Attorneys for Plaintiff Robert Nock, on his own*
> *behalf, and behalf of all others similarly situated*

Preston Law Offices
Ethan Preston
4054 McKinney, Suite 310
Dallas, TX  75204


Representing: Plaintiff                                          File No.



UNITED STATES DISTRICT COURT

United States District Court, Western District of North Carolina


| | |
|---|---|
| Alwina Fykes<br>**Plaintiff/Petitioner**<br><br>vs.<br><br>Hallelujah Acres, Inc., et al.<br>**Defendant/Respondent** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:23-CV-46

Proof of Service of:
Subpoena to Produce Documents, Information, or Objects or
to Permit Inspection of Premises in a Civil Action;
Preservation Instruction and Production Schedule

Service on:
317 Labs, Inc.


Hearing Date:    2024-03-14


Hearing Time:    3:00pm


Div/Dept:    4054 McKinney Avenue, Ste 310,
Dallas, TX 75204 or an alternative
place of production per the
attached schedule


PROOF OF SERVICE

Order # 22325943

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Preston Law Offices<br>Ethan Preston SBN 263295<br>4054 McKinney Suite 310<br>Dallas, TX 75204<br>TELEPHONE NO:                          FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   onelegal@eplaw.us<br>ATTORNEY FOR *(Name)*:   Plaintiff | |
| ***Insert name of court, judicial district or branch court, if any:***<br>United States District Court, Western District of North Carolina<br>401 West Trade Street<br>Charlotte, NC  28202 | |

| PLAINTIFF / PETITIONER:   Alwina Fykes | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Hallelujah Acres, Inc., et al. | 1:23-CV-46 |

| HEARING DATE:<br>2024-03-14 | HEARING TIME:<br>3:00pm | HEARING LOCATION:<br>4054 McKinney Avenue, Ste 310, Dallas, TX 75204 or an alternative place of production per the attached schedule |
|---|---|---|

| **PROOF OF SERVICE** | Ref. No. or File No.:<br>10509322 (22325943) |
|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Preservation Instruction and Production Schedule

2. Party Served:                                      317 Labs, Inc. by serving Daisy Montenegro, Intake Specialist - Person Most Knowledgeable

3. Date & Time of Delivery:                    February 28, 2024 at 12:07 pm PST

4. Address, City and State:                    330 North Brand Blvd #700 Glendale, CA, 91203

5. I received the above document(s) for service on:    February 27, 2024

6. Witness Fees:                                    Witness fees and mileage both ways were not demanded or paid.

Fee for service: $40.00

Registered California process server.
Martha Mauricio
County: Los Angeles
Registration No.: 2023117509

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_____
Martha Mauricio

Date: February 29, 2024

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 3

**PRESTON/**LAW OFFICES

4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

*Via Email and First-Class Mail*

317 Labs, Inc.
11390 West Olympic Boulevard, Suite 100
Los Angeles, California 90064.

317 Labs, Inc.
8605 Santa Monica Boulevard #57093
West Hollywood, California 90069                              May 14, 2024

       Re:     *Fykes v. Hallelujah Acres, Inc.,* No. 1:23-CV-46, pending in the United States
                District Court for the Western District of North Carolina

To Whom It May Concern,

      This law firm represents the Plaintiff in the above-captioned case, Alwina Fykes on her
own behalf, and on behalf of the other members of the Class ("Plaintiff"). On February 28, 2024,
Plaintiff served 317 Labs, Inc. ("Emotive") with a subpoena for production of documents
relevant to various aspects of Plaintiff's case against Defendant Hallellujah Acres, Inc. A copy of
the proof of service is attached to this correspondence below. This letter requests that Emotive
meet and confer regarding the subpoena by telephone, consistent with Local Rule 37-2.1 of the
United States District Court for the Central District of California. I ask that you please either
review Local Rule 37 or retain counsel to respond to this letter.

      As far as I know, Emotive has not served any response to the February 28 subpoena. Any
objections to the subpoena are now untimely. Objections "must be served before the earlier of
the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P.
45(c)(2)(B).

              Failure to serve timely objections [to a subpoena] waives all grounds for
              objection, including privilege[.] [A] nonparty's failure to timely make objections
              to a Rule 45 subpoena duces tecum generally requires the court to find that any
              objection, including attorney-client privilege, has been waived.

*McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). *See also Moon v.
SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("nonparty's failure to timely make
objections to a Rule 45 subpoena duces tecum generally requires the court to find that any
objections have been waived").[1] Objections served four days late are waived. *See Richter v.
Mutual of Omaha Ins. Co.*, No. 06-011, 2006 WL 1277906, *3 (E.D. Wis. May 5, 2006)
("objection [that] was filed four days late [was] deemed waived under [Rule] 45(c)(2)(B); citing
*Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994)); *Shumock v.
Columbia/HCA Healthcare Corp.*, No. 99-1777, 1999 WL 615169, at *1 (E.D. La. Aug. 12,

---

[1]    The 1991 amendments to Rule 45 "provide additional protection to the subpoenaed person"
    but "also make it reasonable to construe the new time limits more strictly so that failure to
    timely file an objection will result in a waiver of the right to object to enforcement of the
    subpoena and of the right to recover costs of production." *McCabe v. Ernst & Young, LLP*,
    221 F.R.D. 423, 425 (D.N.J. 2004) (quoting *Angell*, 153 F.R.D. at 590).

317 Labs, Inc.
May 14, 2024
Page 2 of 3

1999) (waiver when objections were two days late).

Subpoenas in federal cases are issued under Federal Rule 45, which authorizes contempt of court sanctions for failure to comply with a subpoena. *Cf.* Fed. R. Civ. P. 45(g) (court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions." Fed. R. Civ. P. 45(a) advisory committee's note on 1991 amendment (quoted by, e.g., *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. 08-00519, 2009 WL 605789, *2 (C.D. Cal. Mar. 9, 2009)).

> A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity. We have often iterated the importance of this public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned.

*United States v. Bryan*, 339 U.S. 323, 331 (1950). "Contempts such as failure to comply with document discovery . . . touch upon the core justification for the contempt power." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 833 (1994).

Remedies for contempt of court include "a compensatory fine" in an amount "reasonably calculated to compensate the petitioner for all costs incurred in the proceedings to enforce the subpoena." *In re D.I. Operating Co.*, 240 F. Supp. 672, 678 (D. Nev. 1965). Such compensatory costs include attorneys' fees. *Ahearn ex rel. N.L.R.B. v. International Longshore & Warehouse Union, Locals 21 and 4*, 721 F.3d 1122, 1130 (9th Cir. 2013). "Attorneys' fees frequently must be expended to bring a violation of an order to the court's attention." *Perry v. O'Donnell*, 759 F.2d 702, 703, 705 (9th Cir. 1985) (affirming contempt sanctions for "attorneys' fees and [] expenses incurred in successfully prosecuting [contemnor] for civil contempt"). Where Emotive "has taken no affirmative steps to comply" with the subpoena, the "time and expense" incurred in bringing a motion to enforce the subpoena are "precisely the types of considerations that render an attorneys' fees award appropriate." *Bademyan*, 2009 WL 605789, *2. Other sanctions for contempt of court include a daily fine for each day that Emotive fails to comply with the subpoena. *Cf. United States v. Rose*, 437 F. Supp. 2d 1166, 1170 (S.D. Cal. 2006) (court has authority "to impose a daily monetary fine until such time as [contemnor] complies with the Court's order"). *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) ("coercive effect" of daily fine "increases with each passing day as the contempt fine grows larger"). Contempt of court and obstruction of the subpoena may also constitute criminal acts. 18 U.S.C. §§ 401(3), 1503(a).

While Plaintiff reserves all rights with respect to the subpoena and any action required to enforce the subpoena, she hopes and expects that we will be able to reach a resolution that accommodates everyone involved. Plaintiff requests that Emotive advise her on its availability to meet and confer with Plaintiff regarding the Subpoena (consistent with the Local Rules for the Central District of California) by May 24, 2024.

//

317 Labs, Inc.
May 14, 2024
Page 3 of 3

Sincerely,

Ethan Preston

# USPS Tracking®

**FAQs** ›

**Tracking Number:**

**Remove** ✕

## 9402103699300000274443

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 3:59 pm on May 30, 2024 in LOS ANGELES, CA 90064. The item was signed for by M MARIA.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered

**Delivered, Left with Individual**

LOS ANGELES, CA 90064
May 30, 2024, 3:59 pm

**Out for Delivery**

LOS ANGELES, CA 90064
May 30, 2024, 6:33 am

**Arrived at Post Office**

LOS ANGELES, CA 90064
May 30, 2024, 6:22 am

**Arrived at USPS Facility**

LOS ANGELES, CA 90064
May 30, 2024, 4:00 am

**Departed USPS Regional Facility**

LOS ANGELES CA DISTRIBUTION CENTER
May 30, 2024, 3:25 am

**Arrived at USPS Regional Facility**

LOS ANGELES CA DISTRIBUTION CENTER
May 29, 2024, 11:22 pm

**Departed USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION CENTER
May 29, 2024, 9:55 pm

**Arrived at USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION CENTER
May 29, 2024, 7:42 pm

**Forward Expired**

LOS ANGELES, CA 90064
May 20, 2024, 7:40 am

**Redelivery Scheduled for Next Business Day**

LOS ANGELES, CA 90064
May 18, 2024, 9:10 am

**Out for Delivery**

LOS ANGELES, CA 90064
May 18, 2024, 6:59 am

**Arrived at Post Office**

LOS ANGELES, CA 90064
May 18, 2024, 6:48 am

**Departed USPS Regional Facility**

LOS ANGELES CA NETWORK DISTRIBUTION CENTER
May 18, 2024, 3:20 am

**Arrived at USPS Regional Facility**

LOS ANGELES CA NETWORK DISTRIBUTION CENTER
May 17, 2024, 12:18 pm

**Departed USPS Regional Facility**

LOS ANGELES CA DISTRIBUTION CENTER
May 17, 2024, 11:52 am

**Arrived at USPS Regional Facility**

LOS ANGELES CA DISTRIBUTION CENTER
May 17, 2024, 7:22 am

**Departed USPS Regional Facility**

COPPELL TX DISTRIBUTION CENTER
May 16, 2024, 3:51 am

**Arrived at USPS Regional Facility**

COPPELL TX DISTRIBUTION CENTER
May 16, 2024, 1:19 am

**Departed USPS Regional Facility**

DALLAS TX DISTRIBUTION CENTER
May 16, 2024, 12:50 am

**Arrived at USPS Regional Origin Facility**

DALLAS TX DISTRIBUTION CENTER
May 15, 2024, 9:09 pm

**Accepted at USPS Origin Facility**

DALLAS, TX 75204

May 15, 2024, 7:54 pm

**Pre-Shipment, USPS Awaiting Item**

May 15, 2024

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** **(https://faq.usps.com/s/article/Where-is-my-package)**

| Text & Email Updates | ⌄ |
| --- | --- |

| Proof of Delivery | ⌄ |
| --- | --- |

| USPS Tracking Plus® | ⌄ |
| --- | --- |

| Product Information | ⌄ |
| --- | --- |

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

| | |
|---|---|
| **Subject:** | LR 37-1 Meet and Confer Request re Subpoena to Emotive |
| **From:** | Ethan Preston <ep@eplaw.us> |
| **Date:** | 05/14/2024, 12:13 PM |
| **Attachments:** | 📕 240514 Fykes Meet and Confer Ltr Emotive.pdf (239.15 KB) |
| **To:** | legal@emotive.io, info@emotive.io |
| **Cc:** | Shane Perry <shane@collumperry.com> |

Please find the attached correspondence.

--

Ethan Preston

**Preston**/Law Offices

4054 McKinney Avenue, Suite 310

Dallas, Texas 75204

(972) 564-8340 (telephone)

(866) 509-1197 (facsimile)

This email may be proprietary, confidential, attorney-client privileged, attorney work product, or otherwise not subject to disclosure under applicable law. This email is the property of Preston Law Offices, and is intended only for the use of the addressee(s): unauthorized use, disclosure or copying of this communication or any part thereof is prohibited. If you have received this email in error, please notify the sender, and destroy this email and any attachments. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Please consider the environment before printing this e-mail

─ Attachments: ──────────────────────────────────────────

240514 Fykes Meet and Confer Ltr Emotive.pdf                    239 KB